# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 24-1827V

|  |  |
|---|---|
| LESIA POWE, administratix of ESTATE OF TIMOTHY POWE, | Chief Special Master Corcoran |
| Petitioner, | Filed: February 6, 2026 |
| v. |  |
| SECRETARY OF HEALTH AND HUMAN SERVICES, |  |
| Respondent. |  |

*Robert Deniger Cobb, Jr., Nahon, Saharovich & Trotz, Memphis, TN, for Petitioner.*

*Dima Jawad Atiya, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On October 18, 2024, Lesia Powe, as administrator of the estate of her husband Timothy Powe, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that Mr. Powe suffered Guillain-Barré Syndrome ("GBS"), a defined Table injury, after receiving an influenza ("flu") vaccine on November 18, 2021. Petition at 1 ¶¶ 1-3, 22. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 15, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for Mr. Powe's GBS. On February 6, 2026, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $211,216.64, representing $165,000.00 for Mr. Powe's pain and suffering and $46,216.44

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

for Mr. Powe's past lost earnings. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $211,216.64, representing $165,000.00 for Mr. Powe's pain and suffering and $46,216.44 for Mr. Powe's actual lost wages, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |  |
|---|---|---|
| LESIA POWE, ADMINISTRATRIX OF THE ESTATE OF TIMOTHY POWE, DECEASED, | ) ) ) ) ) | |
| Petitioner, | ) ) | No. 24-1827V<br>Chief Special Master Corcoran<br>ECF |
| v. | ) ) | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) ) | |
| Respondent. | ) | |

**PROFFER ON AWARD OF COMPENSATION**

On November 7, 2024, Lesia Powe, as administratrix of the Estate of Timothy Powe,[1] ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that Timothy Powe suffered Guillain-Barré Syndrome ("GBS"), as defined in the Vaccine Injury Table, following administration of influenza ("flu") he received on November 18, 2021.  Petition at 1.  On August 14, 2025, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a GBS Table injury.  ECF No. 19.  On August 15, 2025, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.  ECF No. 20.

---

[1] Petitioner filed documentation on November 7, 2024, establishing that on April 9, 2024, she was appointed administratrix of the Estate of Timothy Powe under the laws of the State of Mississippi.  *See* Exhibit 11.  All references to petitioner herein refer solely to Lesia Powe in her representative capacity as the administratrix of the Estate of Timothy Powe.

**I.      Items of Compensation**

A.      <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded **$165,000.00** for Timothy Powe's

pain and suffering.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

B.      <u>Lost Earnings</u>

Evidence supplied by petitioner documents that Timothy Powe incurred lost earnings

related to his vaccine-related injury.  Respondent proffers that petitioner should be awarded

**$46,216.64** for Timothy Powe's past lost earnings.  *See* 42 U.S.C. § 300aa-15(a)(3)(A).

Petitioner agrees.

**II.      Form of the Award/Recommended Payments**

The parties recommend that compensation provided to petitioner should be made through

a lump sum payment described below and request that the Chief Special Master's decision and

the Court's judgment award the following: [2]

> A lump sum payment of **$211,216.64** to be paid through an ACH deposit to petitioner's
> counsel's IOLTA account for prompt disbursement to petitioner, Lesia Powe.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

---

[2]  If for some reason petitioner is not authorized by a court of competent jurisdiction to serve as
the administratrix of the Estate of Timothy Powe at the time a payment pursuant to this Proffer is
to be made, then any such payment shall be paid to the party or parties appointed by a court of
competent jurisdiction to serve as administrator/administratrix of the Estate of Timothy Powe
upon submission of written documentation of such appointment to the Secretary.

2

TRACI R. PATTON
Assistant Director
Torts Branch, Civil Division

/s/ Dima J. Atiya
DIMA JAWAD ATIYA
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-9355
Dima.Atiya@usdoj.gov

DATED:  February 6, 2026

3